```
           IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF HAWAII

PETER R. TIA, #AW13142,      )   CIVIL NO. 10-00383 SOM/BMK
                             )
           Plaintiff,        )   ORDER DISMISSING COMPLAINT
                             )
     vs.                     )
                             )
CRIMINAL INVESTIGATION       )
DEMANDED AS SET FORTH,       )
                             )
           Defendants.       )
_____)
```

## ORDER DISMISSING COMPLAINT

Before the court is Plaintiff Peter R. Tia's prisoner civil rights complaint brought pursuant to: 28 U.S.C. 1342(a)(3); 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); and 42 U.S.C. §§ 1981, 1983, 1985, 1986, [18 U.S.C.] § 1961 [et seq.], 1952.  Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF") and is proceeding *pro se.* Because Plaintiff fails to state a claim on which relief can be granted, the Complaint is DISMISSED with leave granted to amend pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

### I.  COMPLAINT

Plaintiff's Complaint is a confused, somewhat incoherent, rambling narrative.  Plaintiff names no defendants in the Complaint's caption or body, explaining that the defendants' names will be revealed after the court conducts an investigation. Plaintiff also refers to exhibits that were not submitted as part

of the Complaint, stating they will be "brought forth in future proceedings." (Compl. at 5.)

Although Plaintiff's claims are arranged into Counts I-IV, the stream-of-consciousness discourse set forth overlaps throughout each Count. Plaintiff vaguely discusses incidents that apparently occurred in Tennessee in 1998, in Arizona in 2002, and at HCF from 1996 to 2003, and from 2008 to the present. From what the court can discern, Plaintiff seeks an investigation into these incidents, alleging that they amount to a criminal conspiracy under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964. Apparently, Plaintiff then seeks a criminal prosecution based on the results of this investigation.

In support of his request for an investigation, Plaintiff alleges that prison officials employed by the Corrections Corporation of America (CCA) in Tennessee and Arizona and by the Hawaii Department of Public Safety at HCF have conspired with other inmates, Plaintiff's family members, the Mongol Biker Gang, "White Supremacists and [ ] black inmates," Meadow Gold Dairy, the "Japanese Syndicate," the "Italian Mafioso," and U.S. District Judge Helen Gillmor to cause him unspecified harm. (*See generally* Compl. 5-8a.) Plaintiff complains that there was a prostitution ring at the Tennessee

prison in 1998 to 1999, and wants the court to determine whether a female prison guard there wants to file criminal charges.

Plaintiff does not allege facts tying these incidents and individuals together in any manner, nor does he explain the injury *he* has suffered as a result of this alleged conspiracy. He does allege that CCA prison guards were deliberately indifferent when he was involved in a fight with another inmate (who is alleged to be part of the conspiracy) in Tennessee in 1998, and that the food at HCF was contaminated with feces, urine, and sperm between February and April 2008 and in July 2008, causing him to become ill.

Plaintiff seeks legal representation, presumably to pursue his RICO conspiracy theory, and a "default judgment" in Civ. NO. 1:08-575 HG-BMK that would overturn Judge Gillmor's decision to dismiss that action with prejudice based on Plaintiff's failure to state a claim.

## II.   **STATUTORY SCREENING**

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fail to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 129 S. Ct. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 1951.

Although *pro se* pleadings are liberally construed, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights

complaint may not supply essential elements of the claim that were not initially pled. *Id.* If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

### III.    DISCUSSION

As discussed below, Plaintiff's Complaint fails to state a cognizable claim against any individual, does not comply with the Federal Rules of Civil Procedure or the Local Rules of this court, and seeks relief that is unavailable in this court.

**A.    Plaintiff's Bases for Jurisdiction**

Plaintiff refers to 42 U.S.C. §§ 1981, 1983, 1985, 1986, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); and 18 U.S.C. §§ 1961, 1952 in support of this action.

*1.    42 U.S.C. § 1983 and Bivens*

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S.Ct. 2431 (2009). *Accord West v. Atkins*, 487 U.S. 42, 48

(1988). *Bivens* actions are identical to actions brought pursuant to 42 U.S.C. § 1983 "save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). To state a valid claim under § 1983, a plaintiff must further allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### 2. *42 U.S.C. § 1981*

Section 1981 protects the rights of all persons, regardless of race, "to make and enforce contracts." 42 U.S.C. § 1981. As the Ninth Circuit explains:

> The Supreme Court in *Patterson v. McLean Credit Union* [491 U.S. 164 (1989)], recently clarified the scope of section 1981. The Court confirmed that section 1981 is not a "general proscription of racial discrimination in all aspects of contractual relations." *Id.* Rather it protects just two rights: (1) the right to make contracts and (2) the right to enforce contracts. . . .

*Overby v. Chevron USA, Inc.*, 884 F.2d 470 (9th Cir. 1989). A plaintiff must also prove intent to discriminate under § 1981. *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1313 (9th Cir. 1992) (citing *Patterson*, 491 U.S. at 186-87).

### 3. *42 U.S.C. §§ 1985, 1986*

To state a cause of action under § 1985(3), a plaintiff must show: (1) a conspiracy; (2) to deprive any person or class

of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act by one of the conspirators in furtherance of the conspiracy; and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). A plaintiff must also allege "invidiously discriminatory, racial or class-based animus." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989); *Gillespie*, 629 F.2d at 641.[1] Furthermore, if the alleged conspiracy is between the government and a private party, then a plaintiff must show that there was an agreement or a "meeting of the minds" to deprive the plaintiff of his or her constitutional rights. *Caldeira*, 866 F.2d at 1181. A § 1985 claim "must allege facts to support the allegation that the defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991).

      Finally, if predicated on the same allegations, the absence of a deprivation of rights under § 1983 precludes a

---

[1] Section 1985(3) has been extended beyond race "only when the class in question can show that there has been a governmental determination that its members 'require and warrant special federal assistance in protecting their civil rights.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

§ 1985 conspiracy claim.  *Caldeira*, 866 F.2d at 1182.  Likewise, if a complaint does not state a valid claim under § 1985, it cannot state a claim under § 1986.  *McCalden v. California Library Ass'n.*, 955 F.2d 1214, 1223 (9th Cir. 1990).

### *4.     18 U.S.C. § 1961 et seq.*

To state a civil RICO claim pursuant to 18 U.S.C. § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004); *Diaz v. Gates*, 420 F.3d 897, 898 (9th Cir. 2005); *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).

Section 1964 also imposes a standing requirement: to seek a civil remedy for a RICO violation, a plaintiff must show that the RICO violation proximately caused an injury to his business or property.  *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008); *Sedima, Inc.*, 473 U.S. at 496.  To have standing under § 1964(c), a civil RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property, and (2) that his harm was "by reason of" the RICO violation, which requires plaintiff to establish proximate causation.  *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). Proximate causation requires "some direct relation between the injury asserted and the injurious conduct alleged."

Id. at 268.  In *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006), the Supreme Court held that courts must scrutinize the causal link between the RICO violation and the injury, identifying with precision the nature of the violation and the cause of the injury to the plaintiff.

### 5.    *18 U.S.C. § 1952*

Title 18 U.S.C. § 1952(a), also known as the Travel Act, prohibits a person from traveling in interstate or foreign commerce or using the mail in interstate or foreign commerce, with intent to:

> (1) distribute the proceeds of any unlawful activity; or
>
> (2) commit any crime of violence to further any unlawful activity; or
>
> (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performing or attempting to perform an act described in paragraphs (1), (2) or (3).  18 U.S.C. § 1952(a).

To prove a violation of § 1952, the plaintiff must show that the defendant: (1) traveled in interstate commerce with the intent to promote an unlawful activity, and (2) committed an overt act in furtherance of that activity.  *See United States v. Stafford*, 831 F.2d 1479, 1482 (9th Cir. 1987).  The purpose of § 1952 is to deny individuals who act for a criminal purpose access to the channels of commerce.  *Erlenbaugh v. United States*,

9

409 U.S. 239, 246 (1972); *United States v. Stafford*, 831 F.2d 1479, 1484 (9th Cir. 1987).

**B.     Failure to Name Any Defendant**

Plaintiff's Complaint fails to list any defendant in its caption or body, violating Rule 10 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 10(a); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (affirming dismissal of pro se civil-rights plaintiff's complaint as sanction for plaintiff's failure to amend it to replace "*et al.*," in caption's list of defendants, with actual names of all additional defendants).

Even a *pro se* prisoner's complaint must comply with Fed. R. Civ. P. 10(a) and include the names of all parties in the in title of the action.  *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005).  One cannot become a party without being named and served, and without becoming a party, one cannot defend.  *See id.* at 552.

While Plaintiff scatters names throughout his Complaint, it is impossible to determine who is a defendant, who is a victim, or who is named as background detail only.  As such, the Complaint is fatally deficient and must be dismissed.

**C.     Failure to State a Claim**

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint that "states a claim for relief must contain . . . a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. The court may dismiss a complaint with the factual elements of a cause of action scattered throughout and not organized into a "short and plain statement of the claim" for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

Plaintiff's Complaint falls far short of a short and plain statement showing his entitlement to relief. As noted above, it is impossible to determine who the defendants are and what Plaintiff's specific claims against them entail. The Complaint cannot be served as written. If the court were to guess at who Plaintiff intends to name, it would be impossible for anyone to draft an answer to the Complaint in its present form.

Moreover, the Complaint does not even set forth the barest elements of a cause of action under RICO, the Travel Act, *Bivens*, or 42 U.S.C. §§ 1981, 1983, 1985, or 1986. Plaintiff provides no details showing how his rights guaranteed under the Constitution or laws of the United States were violated. He

alleges no facts showing that he was denied equal protection of the law, prevented from entering into a contract, or subjected to race-based animus.  Plaintiff provides no facts suggesting that there was a meeting of the minds between any individuals for the past fourteen years in furtherance of a conspiracy to deprive him of his constitutional rights.  The Complaint does not comply with Rule 8, fails to state a claim, and must be dismissed.

**D.     Improperly Joined Claims and Parties**

Even if Plaintiff were able to amend the Complaint into a coherent recitation of facts naming individuals who had violated his rights under the Constitution or laws of the United States, as required by 42 U.S.C. § 1981, 1983, 1985, etc., Plaintiff's allegations would still run afoul of the Federal Rules of Civil Procedure.  The incidents forming the bases of Plaintiff's Complaint--an illegal prostitution ring in Tennessee, an altercation with another inmate in 1998, dismissal of Plaintiff's action in 1:08-cv-00575 HG, tampered-with prison food--are, as far as it is possible to tell, completely unrelated to each other in time and location and involve individuals who are not mutually responsible for all incidents.  The Complaint thus appears to violate Rules 18 and 20 of the Federal Rules of Civil Procedure.

Under Rule 18(a), governing joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit

against a single defendant.  To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties.  Under Rule 20(a)(2), permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) any question of law or fact common to all defendants arises in the action.  Unrelated claims involving different defendants belong in different suits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001).

As noted above, although *pro se* litigants are held to less stringent standards than represented parties, *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), they must comply with the procedural or substantive rules of the court.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Requiring *pro se* prisoners to adhere to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]," avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule. *George*, 507 F.3d at 607; see *also Patton v. Jefferson Corr'l Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative

joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

Plaintiff's Complaint involves incidents that apparently span the past fourteen years and encompass Plaintiff's many different incarcerations and releases.  They do not arise from the same transaction or occurrence or series of transactions or occurrences, and they clearly involve separate acts done by many different individuals.  While the court recognizes that Plaintiff is alleging that these individuals conspired with each other and is attempting to tie these unrelated and allegedly improper actions together, this construction of the facts flies in the face of common sense and this court's judicial experience.  In short, this interpretation does not meet *Iqbal*'s standard of plausibility.  *See Iqbal*, 129 S. Ct. at 1950-51.  Thus, Plaintiff's unrelated allegations against these numerous people cannot be joined in the same action.  For this reason also, the Complaint must be dismissed.

**E.   Dismissal of Civ. No. 08-00575**

Plaintiff complains that Judge Gillmor dismissed his action in Civ. No. 08-00575.  Insofar as Plaintiff seeks to sue Judge Gillmor for her decision to dismiss his case, an act clearly within her judicial jurisdiction, she is immune from suit and that claim must be dismissed.  *See In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).

Additionally, the only relief Plaintiff seeks in this action is reinstatement of Civ. No. 08-00575.  This court cannot order such relief, as it does not sit as an appellate court reviewing other district court judges' orders.  *See* 28 U.S.C. § 1291 (vesting jurisdiction over final district court decisions with the circuit courts of appeal).  The relief that Plaintiff seeks is only available through a successful appeal to the United States Court of Appeals for the Ninth Circuit.  The Ninth Circuit has already denied this relief to Plaintiff.  *See* Civ. No. 08-00575, Doc. 23, February 9, 2010 (dismissing appeal as untimely, divesting the appellate court of jurisdiction).

**F.  Leave to Amend**

For the foregoing reasons, the Complaint is DISMISSED for failing to allege facts that sufficiently state a cause of action and failing to comply with the Federal Rules of Civil Procedure.  Whether the Complaint can be cured by amendment is unclear.  This dismissal issues with leave to file an amended pleading.

If Plaintiff chooses to amend the Complaint, he must cure the deficiencies noted above and specifically demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must also allege in specific terms how specifically named Defendants are involved.

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim.  *See Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The court will not refer to the original pleading to make any amended complaint complete.  Local Rule LR 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading.  Furthermore, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  In an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**G.   28 U.S.C. § 1915(g)**

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury." If Plaintiff is unable to amend the Complaint to cure the deficiencies enumerated in this order, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

### IV. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The Complaint is DISMISSED for failure to state a claim and to comply with the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). Specifically, the Complaint: (1) fails to comply with Fed. R. Civ. P. 8, 10, 18, and 20, and (2) otherwise fails to state a claim.

(2) Plaintiff is GRANTED thirty (30) days leave, as calculated from the date this Order is filed (that is, on or before August 19, 2010), in which to file an amended complaint that cures the deficiencies noted above. The amended complaint must be complete in itself without reference to the superseded pleading. *See* Local Rules of the District of Hawaii, LR 10.3. Defendants not named and any claims not re-alleged in any amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

(3) If the amended complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

(4) The Clerk is directed to mail a form prisoner civil rights complaint to Plaintiff, so that he may comply with the directions in this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 20, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tia v. Criminal Investigation Demanded as Set Forth,* Civ. No. 10-00305 JMS/KSC; Order Dismissing Complaint; pro se attys/Screening /dmp/ 2010 /Tia 10cv383 SOM (FTSC lv amd)