IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, #A1013142, | ) | CIV. NO. 10-00383 SOM-BMK |
| | ) | |
|     Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION, DENYING IN |
|       vs. | ) | FORMA PAUPERIS APPLICATION, |
| | ) | DENYING REQUEST FOR COPIES, |
| CRIMINAL INVESTIGATION | ) | AND DISMISSING ACTION |
| DEMAND AS SET FORTH, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION, DENYING IN FORMA PAUPERIS APPLICATION, DENYING REQUEST FOR COPIES, AND DISMISSING ACTION**

Plaintiff, a prisoner proceeding *pro se*, moves for reconsideration of this court's Order Dismissing Complaint. (*See* Docs. 8 & 12.) Plaintiff also seeks copies of documents and submits a second *in forma pauperis* application. (Docs. 9 & 13.) Plaintiff's Motion for Reconsideration, *in forma pauperis* application, and request for copies are DENIED.

After careful reconsideration of Plaintiff's Complaint and all requests, motions, and correspondence that Plaintiff has submitted in this action, the court is convinced that Plaintiff is unable to amend his Complaint to cure its enumerated deficiencies. Plaintiff's Complaint and this action are DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and shall constitute a strike pursuant to 28 U.S.C. § 1915(g).

## I.  LEGAL STANDARDS

**A.   Motion for Reconsideration**

A successful motion for reconsideration must accomplish two goals.  First, it must demonstrate some reason that the court should reconsider its prior decision.  *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).  Second, the motion must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *Id.*  Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Id.* (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).  Local Rule 60.1 for the District of Hawaii implements these standards for reconsideration of interlocutory orders, providing:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law;
>
> (c) Manifest error of law or fact.

LR60.1.

**B.   28 U.S.C. § 1915 Screening**

The court has a continuing duty to screen all complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

Although *pro se* pleadings are liberally construed, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

## II. DISCUSSION

### A. Plaintiff's Motion for Reconsideration is Denied

Plaintiff seeks reconsideration of this court's July 20, 2010, screening order dismissing his prisoner civil rights Complaint for failure to state a claim, with leave granted to amend. (Doc. 8.) It is exceedingly difficult to understand Plaintiff's reasons for seeking reconsideration. It appears that Plaintiff seeks to clarify the dates and places underlying his claims concerning events alleged to have occurred in Tennessee in 1998 and 1999, and in Arizona in 2002 and thereafter. Unfortunately, Plaintiff is unsuccessful. This court is still unable to fully understand the legal basis for Plaintiff's claims despite his "clarification." Plaintiff does explain that,

insofar as he mentioned a female prison guard who may want to press criminal charges concerning an alleged prison prostitution ring, that guard is located in Arizona, not Tennessee.

Plaintiff's Motion fails to set forth new *material* facts that were not previously available, to identify an intervening change in law, or to demonstrate that the court made a manifest error of law or fact.  Even accepting Plaintiff's clarification of the dates underlying his claims, the court does not change its evaluation of his claims or reconsider its decision.  Plaintiff's Motion for Reconsideration is DENIED.

**B.    Plaintiff's Complaint and Action are Dismissed**

The documents that Plaintiff has submitted since this court dismissed his Complaint with leave to amend, *see* docs. 9-13, convince this court that the Order Dismissing Complaint was correct and that Plaintiff's claims cannot be cured by amendment. Plaintiff now makes clear that his reason for filing this action, in which he names no defendants, is to cause the court or the government to instigate a criminal investigation of his claims. (*See* Mot. ¶ 1; *see also* Doc. 10 (complaining that this court incorrectly dismissed the Complaint which sought "a criminal felony examination per investigation not civil but criminal"); Doc. 11 (complaining that the court wrongfully dismissed his complaints in this case and in Civ. No. 08-00575 HG because the

court failed to investigate and "seek arrests and search [for] violators" as Plaintiff had requested)).

Plaintiff lacks standing to ask the court to order the investigation or prosecution of any individual under the criminal provisions of the RICO Act, even assuming such an order could issue, much less be enforceable. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (interest in prosecution of another does not support standing). Additionally, the violation of criminal statutes rarely provides a private right of action. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (holding that the California Penal Code does not create enforceable individual rights); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). To imply a private right of action, there must be "'a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" *Chrysler Corp.*, 441 U.S. at 316 (quoting *Cort v. Ash*, 422 U .S. 66, 79 (1975)). Plaintiff states that he does not seek a civil cause of action under the RICO statute, provides no facts supporting such a claim, and has no standing to compel the government or this court to pursue a criminal cause of action.

This court has carefully reconsidered whether the Complaint can be cured by amendment.  Plaintiff has sought an investigation into and instigation of a RICO prosecution in at least two other actions.  *See Tia v. Criminal Demand as Set Forth Per Investigation* , Civ. No. 10-00441 DAE (D. Haw. 2010) (filed Jul. 28, 2010, dismissed Jul. 30, 2010), and *Tia v. "Illegal Criminal Enterprise,"  et al.*, Civ. No. 02-01046 (D. Ariz. 2002).  The complaints in these actions are strikingly similar to the present Complaint.  Plaintiff, in fact, filed Civ. No. 10-00441 DAE eight days after this court had notified him of the deficiencies in the present complaint, deficiencies that he made no effort to correct when he filed the new action.  Plaintiff was also given notice of the deficiencies in his pleadings in his Arizona action, which was dismissed without prejudice in 2002, after Plaintiff failed to amend the complaint.

Instead of than complying with the court's instructions concerning the deficiencies in his claims in this case, Plaintiff chose to submit numerous documents debating this court's order and ignoring the court's instructions.  This court is convinced that granting leave to amend in the present action is futile, both because Plaintiff has shown that he will not or cannot heed the court's instructions and because Plaintiff's claims herein are not amenable to amendment.  The court's order granting leave

to amend is therefore VACATED and the Complaint and action are DISMISSED.

## C. The In Forma Pauperis Application and Request for Production of Documents Are Denied

Plaintiff's *in forma pauperis* application is DENIED as moot, as the court has already granted Plaintiff *in forma pauperis* status.  (*See* Doc. 7.)

Plaintiff's request for copies is also DENIED.  It is unclear if Plaintiff requests copies of documents in Civ. No. 08-00575 HG, or in his appeal of that case (No. 10-15219), as he refers both docket numbers, and seeks copies of document 15-17.  Plaintiff is notified that the court does not normally make copies of documents without prepayment of copying fees, which are $.50 per page.  *In forma pauperis* status does not automatically entitle Plaintiff to free copies, so any waiver of copying fees would be a separate matter.  If Plaintiff seeks copies of docs. 15-17 in Civ. No. 08-00575, representing sixteen pages, he may renew his request to the Clerk of Court, with a check or money order in the appropriate amounts.  In theory, a party could also file a motion in Civ. No. 08-00575 seeking a waiver of copying fees, or, if Plaintiff is seeking documents in No. 10-15129, he could file a motion with the appellate court seeking a waiver.  However, as Civ. No. 08-00575 is a case that has been concluded, and as No. 10-15129 (the appeal of Civ. No. 08-00575) has also been concluded and the time to file a petition of certiorari has

passed, there does not appear to be a litigation reason for any waiver.

**D.  28 U.S.C. § 1915(g)**

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  This dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

### III.  CONCLUSION.

1.  Plaintiff's Motion for Reconsideration is DENIED.

2.  The order granting Plaintiff leave to amend the Complaint herein is VACATED, and the Complaint and action are DISMISSED for failure to state a claim.

3.  Plaintiff's *in forma pauperis* application is DENIED.

4.  Plaintiff's motion for copies, doc. 9, is DENIED. Plaintiff may obtain copies of documents in Civ. No. 08-00575 HG by sending prepayment of the copying fees and a renewed request for copies to the Clerk.

5.   Plaintiff is NOTIFIED that this dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

6.   The Clerk is DIRECTED to close the file and terminate this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 5, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tia v. Criminal Investigation as Set Forth*, Civ. No. 10-00383 SOM; ORDER DENYING MOTION FOR RECONSIDERATION, DENYING IN FORMA PAUPERIS APPLICATION, DENYING REQUEST FOR COPIES, AND DISMISSING ACTION; PSAs/Recon/DMP 2010/Tia 10-383 SOM