IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, #A1013142, | ) | CIVIL NO. 10-00383 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER RE: AMENDED COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| CRIMINAL INVESTIGATION | ) | |
| DEMANDED AS SET FORTH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER RE: AMENDED COMPLAINT

Plaintiff Peter R. Tia, who is incarcerated at the Halawa Correctional Facility ("HCF"), and is proceeding *pro se,* commenced this prisoner civil rights action on July 7, 2010. (Doc. 1.) This action was terminated on August 5, 2010. (Doc. 14, "August 5 Order.") Before the court is Plaintiff's amended complaint. (Doc. 20.) For the following reasons, the amended complaint is DISMISSED without leave to amend. This action remains CLOSED.

### I. PROCEDURAL HISTORY

On July 20, 2010, the court dismissed Plaintiff's original complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), with leave granted to amend. (Doc. 8, "July 20 Order.") Rather than submit an amended complaint, Plaintiff filed a motion for reconsideration of the July 20 Order. (Doc. 12.) After careful review of Plaintiff's motion, other requests, correspondence, the nearly identical

complaint he filed in Civ. No. 10-00441 DAE, and further consideration of the original complaint, the court denied Plaintiff's motion to reconsider its July 20 Order, and entered an order dismissing the action for failure to state a claim without granting leave to amend, on August 5, 2010.  (Doc. 14, August 5 Order.)  Since then, Plaintiff has disregarded this court's order terminating the case and the judgment filed herein, and has submitted two frivolous requests for hearings on his claims.  (Docs. 16 & 18.)  The court denied these requests and notified Plaintiff twice that he may file an appeal of this court's decision.  (*See* Docs. 17 & 19 (informing Plaintiff that he may file a notice of appeal on or before September 4, 2010.))

## II.   THE AMENDED COMPLAINT

Rather than file a notice of appeal, Plaintiff has chosen to file an amended complaint in this terminated action.  The amended complaint is as confused, incoherent, and rambling as was his original complaint.  Plaintiff now names twenty individuals, although not all are set forth in the amended complaint's caption.  As he did in the original complaint, Plaintiff again refers to exhibits that are not submitted as part of the amended complaint.

In the amended complaint, Plaintiff again alleges that, since at least 1998, Hawaii and Mainland prison officials and inmates, the State of Hawaii Ombudsman, and a private attorney in

Hawaii have promoted prostitution in the various prisons where Plaintiff has been incarcerated.  Plaintiff alleges a nefarious conspiracy against him, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964.  Like his original complaint, the amended complaint relates incidents that allegedly occurred in Tennessee in 1998, in Arizona in 2002, and at HCF from 1996 to 2003, and from 2008 to the present.  Plaintiff alleges that a prison guard that he knew in Minnesota, various family members, and his fiancee have been forced into prostitution at the Halawa Correctional Facility and on the Mainland in retaliation for "a vendetta in 1999 at a previous West Tennessee Detention Facility," and for Plaintiff's filing of grievances.  (Am. Compl., Count I.)  In his request for relief, Plaintiff again seeks an investigation into these incidents, prosecution of defendants under the RICO Act, and a declaration that Plaintiff's constitutional rights have been violated.

### III.  DISCUSSION

The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis

either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Further, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Dismissal is appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional." *Id.*

Plaintiff's amended complaint does nothing to cure the deficiencies noted in his original complaint. First, although Plaintiff now names a myriad of seemingly unconnected individuals as defendants, an improvement over his earlier denoting of "Criminal Investigation Demanded as Set Forth" as defendant, he still fails to name all of the defendants in the caption or clearly explain what specific actions each defendant took to violate his rights.

Second, the amended complaint contains no short plain statement of its grounds for relief. Rather, it is a rambling, confused narrative of apparently unconnected dates, places, and people that Plaintiff seeks to join together with extremely vague claims of a conspiracy against him. *See* Fed. R. Civ. P. 8.

Third, the amended complaint still alleges a violation of the RICO Act, with no supporting facts as to how Plaintiff's business or property interests were injured by the defendants'

4

alleged racketeering activity.  *See Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (a plaintiff in a civil RICO action "only has standing if . . . he has been injured in his business or property by the conduct constituting the violation").  In short, the amended complaint still seeks the institution of a criminal action against defendants, when Plaintiff was notified that he has no standing or right to pursue such a claim.

Finally, and most importantly, the amended complaint falls into the category of "the irrational or wholly incredible."  Plaintiff alleges a conspiracy or a vendetta against him that has gone on since 1998, while Plaintiff was in various Hawaii and Mainland prison facilities, and apparently continuing while he was on parole in American Samoa in 2003.  This vendetta allegedly stems from a fight Plaintiff was involved in with another inmate in 1998.  Plaintiff alleges that his enemies forced a Minnesota prison guard, who was Plaintiff's friend, to become a prostitute in a Tennessee prison as well as in an Arizona prison.  Plaintiff alleges that he can hear his fiancee, who he says was forced into the Halawa Correctional Facility by his enemies, in the cell above his "coughing and making loud sucking and slurping sounds."  (Am. Compl., Count I.)  Plaintiff says that members of his family were also "snuck into HCF forced to have sex being extorted and

5

prostituted." (*Id.*)  Given the lack of specific detail and the state of the record, these allegations appear fanciful, delusional, and factually incredible.  *Denton v. Hernandez*, 504 U.S. at 33.

### IV. <u>CONCLUSION</u>

In addition to failing to state a claim, as carefully detailed in the July 20 and August 5 Orders, the court finds that Plaintiff's allegations are frivolous.  The amended complaint is DISMISSED as frivolous.  The defects in the amended complaint are incurable and leave to amend is not granted.  As Plaintiff was informed in the August 5 Order, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g).  Plaintiff is NOTIFIED that, other than a notice of appeal, he may not file any further documents in this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 25, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tia v. Criminal Investigation Demanded as Set Forth,* Civ. No. 10-00383 SOM; Order RE: AMENDED COMPLAINT; psas/Screening/dmp/2010/Tia 10cv383 SOM (dsm 1st Amd C)